IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02085-CMA-STV

MARGARET R. COLUCCI,

    Plaintiff,

v.

NATIONAL BOARD OF CHIROPRACTIC EXAMINERS,
SALVATORE D. LARUSSO,
PAUL N. MORIN,
DANIEL M. CÔTÉ,
LEROY F. OTTO,
JOHN R. MCGINNIS,
FARREL GROSSMAN,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

---

This matter is before the Court upon Defendants' National Board of Chiropractic Examiners, Salvatore D. Larusso, Steven R. Conway, John C. Nab, Paul N. Morin, Leroy F. Otto, John R. McGinnis, Farrel Grossman, and Kirk Shilts' Motion for Summary Judgment (Doc. # 39)[1] and Defendant Daniel M. Côté's Motion for Summary Judgment

---

[1] On January 17, 2020, after the filing of the motions for summary judgment, Plaintiff and Defendants Steven R. Conway, John C. Nab, and Kirk Shilts stipulated to dismissal of this action with prejudice as to those Defendants. (Doc. # 82.) Defendants Conway, Nab, and Shilts were dismissed accordingly on January 21, 2020. (Doc. # 83.) The encaptioned Defendants remain.

(Doc. # 41).[2] For the reasons described herein, the Court grants Defendants' motions for summary judgment and enters judgment in Defendants' favor.

## I.     BACKGROUND

### A.     UNDISPUTED FACTUAL HISTORY

Plaintiff Margaret Colucci is a practicing chiropractor and resides in Nevada. (Doc. # 71 at 7.) Between 2015 and February 23, 2018, Plaintiff served on the Board of Directors of Defendant National Board of Chiropractic Examiners ("Defendant NBCE"). (*Id.*) NBCE is a nonprofit corporation that develops, administers, and scores standardized exams for the chiropractic profession. (*Id.*) Each of the individually named Defendants ("Individual Defendants") was a voting member of NBCE's Board of Directors on February 23, 2018. (*Id.*) On that date, NBCE's Board of Directors voted 9 to 2 in an open session to remove Plaintiff as a board member. (*Id.* at 9.) All Individual Defendants voted in favor of Plaintiff's removal from the board. (*Id.* at 2.) Each Individual Defendant owed a fiduciary duty to Defendant NBCE, but not to Plaintiff. *See* (Doc. # 3 ¶¶ 103, 108).

### B.     PROCEDURAL HISTORY

Plaintiff initiated this action in state court on March 7, 2018, asserting three claims for relief against Defendants: (1) breach of fiduciary duty against the Individual Defendants; (2) aiding and abetting breach of fiduciary duty against Defendant NBCE; and (3) a request for declaratory judgment regarding the parties' present rights and duties. (Doc. # 3.) Plaintiff's claims are based on her allegation that the Board of

---

[2] Although Defendant Côté separately filed his Motion, the Court will treat the motions as one because they advance functionally identical arguments for the purposes of this Order.

Directors wrongfully removed her from the board by failing to follow proper procedures. (*Id*. at 11–13.) She alleges that she suffered harm in the form of damage to her reputation, lost income, and certain legal fees. (*Id.*)

In state court, Defendants moved to dismiss Plaintiff's claims pursuant to Colo. R. Civ. P. 12(b)(2) and 12(b)(5). (Doc. # 1-12 at 3.) Defendants argued, *inter alia*, that Plaintiff lacks standing to bring the instant lawsuit because Defendants did not owe her a fiduciary duty. (*Id*. at 8–10.) The state court disagreed and denied Defendants' Motion to Dismiss on June 6, 2018. *See* (Doc. # 9). In doing so, the state court agreed with Plaintiff's argument that the Colorado Court of Appeals decision in *Taylor v. Taylor*, 381 P.3d 428 (Colo. App. 2016), conferred upon Plaintiff third-party standing to sue the Individual Defendants for breach of fiduciary duty and Defendant NBCE for aiding and abetting breach of fiduciary duty. (Doc. # 9 at 12–13.) The state court stated:

> This type of oversight and supervision provided by [Colo. Rev. Stat. § 7-128-101] for non-profit boards of directors is analogous to the Probate Code[']s oversight and supervision of trustees [analyzed in *Taylor*]. Based upon *Taylor*, Plaintiff could pursue a claim for a breach of fiduciary duty that proved harmful to her, even though the duty by the Board Members was owed to NBCE. Further, since she could pursue the breach of fiduciary duty claim against the Board Members she could also pursue a claim against NBCE for adding [sic] and abetting breach of fiduciary duty.

(*Id*.) Defendants subsequently disputed all three claims in the Answer they filed on June 20, 2018. (Doc. # 8.)

On August 16, 2018, Defendants removed this action from state court. (Doc. # 1.) Approximately ten months later, in early June 2019, Defendants moved for summary judgment on all three claims. Defendant NBCE and all Individual Defendants except Defendant Daniel Côté jointly filed a Motion for Summary Judgment on June 6, 2019.

3

(Doc. # 40.) Defendant Côté separately filed a Motion for Summary Judgment on June 7, 2019. (Doc. # 42.) Both motions argue, *inter alia*, that Plaintiff lacks standing to bring this lawsuit because Defendants did not owe her a fiduciary duty, and, in the alternative, that Plaintiff's claims fail on the merits for lack of a fiduciary relationship between Plaintiff and the Individual Defendants. The motions are ripe for the Court's review. (Doc. ## 39, 41, 47, 55, 60, 64.)

## II. APPLICABLE LEGAL PRINCIPLES

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 118 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility and must view the evidence in the light most favorable to the nonmoving party—including all reasonable inferences from that evidence. *Id*. However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int' l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id*. In

4

attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claims; rather, the movant need simply point the court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy this burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id*. Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**B.     STANDING**

Article III of the United States Constitution restricts the federal courts to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). As such, standing is a threshold issue in every case because it implicates a federal court's subject matter jurisdiction. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 851 (10th Cir. 2015) (quoting *Turner v.*

5

*McGee*, 681 F.3d 1215, 1218 (10th Cir. 2012)). For federal courts to have jurisdiction over an action, the party bringing the suit must establish standing. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

To establish Article III standing, a plaintiff must show that: (1) she has suffered an "injury in fact"; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000). "An 'injury in fact' is the 'invasion of a **legally protected interest** which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 774 (10th Cir. 2010) (quoting *Stewart v. Kempthorne,* 554 F.3d 1245, 1253 (10th Cir. 2009)) (emphasis added).

"The prudential standing doctrine encompasses various limitations, including 'the general prohibition on a litigant's raising another person's legal interests.'" *The Wilderness Soc'y v. Kane Cty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds by Lexmark,* 572 U.S. 118). A plaintiff "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The question of prudential standing is often resolved by the nature and source of the claim asserted, i.e., "whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in

6

the plaintiff's position a right to judicial relief." *Id.* at 500. "A party may suffer a cognizable injury but still not possess a right to relief." *The Wilderness Soc'y*, 632 F.3d at 1170–71.

**C.     FIDUCIARY DUTY CLAIMS**

Under Colorado law, a claim for breach of fiduciary duty requires the plaintiff to prove: 1) that the defendant was acting as a fiduciary of the plaintiff; 2) that the defendant breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages. *SGS Acquisition Co. Ltd. v. Linsley*, 352 F. Supp. 3d 1109, 1119 (D. Colo. 2018); *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993). Likewise, under Texas law, the plaintiff must prove "the existence of a fiduciary duty, breach of the duty, causation, and damages." *Rash v. J.V. Intermediate, Ltd.*, 498 F.3d 1201, 1206–07 (10th Cir. 2007) (quoting *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App. 2003)).

Under both Colorado and Texas law, a claim for aiding and abetting a breach of fiduciary duty requires the plaintiff to show (1) breach by a fiduciary of a duty owed to a plaintiff, (2) a defendant's knowing participation in the breach, and (3) damages. *Nelson v. Elway*, 971 P.2d 245, 249 (Colo. App. 1998); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 580 (Tex. App. 2007). Aiding and abetting is a dependent claim; there can be no aiding and abetting claim where the underlying tort claim fails. *See Renate Nixdorf GmbH & Co. KG v. TRA Midland Properties, LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *5 (Tex. App. Jan. 3, 2019), *reh'g denied* (Feb. 26, 2019), *review denied*

(May 24, 2019) (citations omitted); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-CV-01899-RBJ-KLM, 2012 WL 5869126, at *11 (D. Colo. Aug. 15, 2012) (recommending that summary judgment enter against plaintiff as to the aiding and abetting claim where the underlying breach of fiduciary duty claim failed), *report and recommendation adopted in part*, No. 10-CV-01899-RBJ-KLM, 2012 WL 5866303 (D. Colo. Nov. 19, 2012) (adopting recommendation as to aiding and abetting claim).

### III.  DISCUSSION

Defendants argue, *inter alia*, that Plaintiff lacks standing because the Individual Defendants did not owe her a fiduciary duty and she, thus, lacks an injury to a legally protected interest. Plaintiff acknowledges that the Individual Defendants did not owe her a fiduciary duty.[3] (Doc. # 3 ¶¶ 103, 108.) Nonetheless, relying on the Colorado[4] Court of Appeals decision in *Taylor v. Taylor*, 381 P.3d 428 (Colo. App. 2016), Plaintiff argues that she has standing to bring this lawsuit because, under *Taylor*'s reasoning, Colo. Rev. Stat. § 7-128-101 confers upon nonprofit directors a legally protected interest in their board positions and the Individual Defendants' "acts and omissions harmed her legally-protected interest in her board position." (Doc. # 1-13 at 12.) Plaintiff argues that

---

[3] Plaintiff cannot bring this action as a derivative lawsuit, i.e., in the name of or on behalf of the NBCE, because she does not meet the requirements of Colo. Rev. Stat § 7-126-401 in that she was not a director or voting member of NBCE at the initiation of this lawsuit.

[4] The NBCE Board Policy Manual states that "NBCE business will be conducted in accordance with the laws of Texas and Colorado." (Doc. # 3 ¶ 16 at 3.) The Court applies Colorado law in granting summary judgment in favor of Defendants but notes that its choice of law is not dispositive in the instant case. Colorado and Texas law require the same elements to recover for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty. Plaintiff has not pointed the Court to any authority that establishes that Texas law confers upon her third-party standing to bring fiduciary duty claims. Therefore, the Court's conclusion that Plaintiff lacks standing to bring the instant case would remain unchanged under Texas law.

8

her claims against Defendants flow from the fiduciary duties the Individual Defendants owed to Defendant **NBCE**, not to Plaintiff.[5] As such, she asserts that, pursuant to *Taylor,* she has standing to recover for breach of a fiduciary duty owed to a third party and that "this standing allows her to assert her claims without being required to bring a derivative action . . . ." (Doc. # 1-13 at 12.)[6]

The Court is not persuaded by Plaintiff's argument. The Court finds that *Taylor* is inapposite to the instant case, declines to extend its reasoning to the corporate governance context, and concludes that Plaintiff lacks standing to bring these claims because she has not established injury to a legally protected interest.

A. **THE *TAYLOR* CASE**

In *Taylor v. Taylor*, the Colorado Court of Appeals considered whether the child beneficiary of her mother's trust could maintain an action against the trustee for breach of a fiduciary duty owed to her settlor mother after her mother's death. The defendant petitioner argued that the only person to whom he could have owed a fiduciary duty was the mother and the plaintiff could not "recover for a breach of fiduciary duty owed to someone other than [themselves]." 2016 COA 100 ¶ 8. The Court of Appeals treated this as an issue of standing and considered the question to be whether the injury alleged (that "as a result of defendant's actions, their interest in particular monies ha[d]

---

[5] As Plaintiff summarized in her Response to Defendants' Motion to Dismiss, "The Complaint alleges the Individual Defendants[] breached their fiduciary duties owed to NBCE (a Colorado resident), causing injury to Dr. Colucci." (Doc. # 1-13 at 5.)

[6] In their summary judgment briefing, the parties incorporate the form and substance of the arguments they advanced in their briefing on Defendants' Motion to Dismiss. *See* (Doc. # 51 at 11) (incorporating previous arguments where "there has been no subsequent change in facts or law"); (Doc. # 60 at 6).

been reduced by half") was to a **legally protected interest**. *See id*. ¶ 16–18 (citing *Ainscough v. Owens*, 90 P.3d 851, 855–56 (Colo. 2004)). The Court held that, under the circumstances present in that case, the plaintiffs did have standing to sue for a breach of fiduciary duty that proved harmful to them, even though the duty was owed to the settlor during her lifetime. *Id*. ¶ 23.

B.     *TAYLOR*'S APPLICABILITY

*Taylor* is readily distinguishable from the instant case. In *Taylor*, the Court of Appeals interpreted the Colorado Probate Code in the trusts and estates context. Specifically, the court interpreted a statutory provision as impliedly conferring standing on the plaintiff, who was a beneficiary of the trust, because the statute provided, in part, that a court could surcharge a fiduciary that it determined to be in breach of a duty for "any damage or loss **to the estate, beneficiaries, or interested persons**," including compensatory damages and attorneys' fees. 2016 COA 100 ¶ 21 (quoting Colo. Rev. Stat. § 15-10-504(2)(a)) (emphasis added).

By contrast, this case concerns corporate governance and there is no statutory provision analogous to that applied by the Colorado Court of Appeals in *Taylor*. This Court is not persuaded by Plaintiff's argument that several provisions of Colo. Rev. Stat. § 7-128 are analogous. *See* (Doc. # 1-13 at 11) (citing Colo. Rev. Stat. § 7-128-101, -108, -109, -401, -402(1)). The statute in *Taylor* contemplated awarding monetary damages to beneficiaries or interested persons, and the *Taylor* plaintiff was both a beneficiary and an interested person. Colo. Rev. Stat. § 7-128-402(1), on the other hand, contemplates the award of monetary damages **to the nonprofit corporation or**

**to its members**; Plaintiff is neither. *See* Colo. Rev. Stat. § 7-128-402(1) (providing a nonprofit corporation's articles of incorporation "shall not eliminate or limit the liability of a director to the nonprofit corporation or to its members for monetary damages for any breach of the director's duty of loyalty . . . ."). Further, this provision emphasizes that the director's duty of loyalty is owed to the organization, not to individuals similarly situated to Plaintiff. Lastly, as discussed *infra*, Colo. Rev. Stat. § 7-128-402(1) is located in the same statutory title that omits individuals similarly situated to Plaintiff from the category of individuals who are authorized to bring a derivative action on behalf of a nonprofit corporation.

Importantly, the pragmatic and policy concerns that animated the Colorado Court of Appeals in *Taylor* are absent in this case. The *Taylor* court expressed concern, echoed by other courts, that a trustee should not be allowed to evade responsibility for wrongdoing because the settlor to whom it owed a fiduciary duty has died.[7] In *Taylor*'s context, if a vested beneficiary did not have standing to sue a trustee in place of the

---

[7] Plaintiff quotes the Court of Appeals to argue that "standing here is further consistent with 'common law principles recognizing third party standing for breaches of fiduciary duty.'" (Doc. # 1-13 at 11) (quoting *Taylor,* 2016 COA 100 ¶ 22). However, Plaintiff fails to provide the context for the court's statement. All five sources to which the Court of Appeals cites concern the right of a beneficiary to sue for breach of a fiduciary duty owed to the settlor after the death of the settlor. *See, e.g.*, George Gleason Bogert, George Taylor Bogert & Amy Morris Hess, <u>Bogert Trusts & Trustees</u> ("Many courts have allowed other beneficiaries to pursue breach of duty claims after the settlor's death, related to the administration of the trust during the settlor's lifetime . . . ."); *Brundage v. Bank of Am.*, 996 So.2d 877, 882 (Fla. Dist. Ct. App. 2008) (Although the trustee owes no duty to the beneficiaries of a revocable trust, "once the interest of the contingent beneficiary vests upon the death of the settlor, the beneficiary may sue for breach of a duty that the trustee owed to the settlor/beneficiary which was breached during the lifetime of the settlor and subsequently affects the interest of the vested beneficiary."); *Siegel v. Novak*, 920 So.2d 89, 96 (Fla. Dist. Ct. App. 2006) (Denying standing would be "contrary to our sense of justice—a trustee should not be able to violate its fiduciary duty . . . and yet escape responsibility because the settlor did not discover the transgressions during her lifetime. . . .").

deceased settlor, there would be no civil recourse for the trustee's breach. By contrast, in this case, judicial recourse for breach of a fiduciary duty owed to NBCE exists.[8]

Colo. Rev. Stat. § 7-126-401 provides that any director or voting member of a nonprofit corporation can bring a derivative action on behalf of the corporation. Thus, two groups of individuals are authorized to bring claims for breach of a fiduciary duty owed to NBCE, and Dr. Colucci is not among them. Under the well-established canon of statutory interpretation *expressio unius est exclusio alterius*, the inclusion of certain items implies the exclusion of others. *Beeghly v. Mack*, 20 P.3d 610, 613 (Colo. 2001); *see also Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) ("[T]he canon *expressio unius est exclusio alterius* . . . has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence."). The Court infers that, by expressly defining in Colo. Rev. Stat. § 7-126-401 which groups of individuals may sue on behalf of NBCE, the legislature deliberately excluded Dr. Colucci and those similarly situated. To apply *Taylor*'s holding to extend third-party standing to Plaintiff in the instant case would be to usurp the role of the legislature.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff lacks standing to bring the

---

[8] Plaintiff makes the policy argument that, if the Court does not extend *Taylor*'s reasoning to the case at bar, "directors of a nonprofit organization could remove each other with impunity, at any time, for any baseless reason, and in derogation of the best interests of the organizations they serve." (Doc. # 1-13 at 11.) However, as discussed *infra*, the legislature has created a check on the authority of directors through Colo. Rev. Stat. § 7-126-401.

instant lawsuit because she lacks injury in fact to a legally protected interest.[9] Because Plaintiff has not demonstrated an injury in fact, she also has not established an actual controversy within the Court's jurisdiction. *See* 28 U.S.C.A. § 2201. Therefore, the Court dismisses Plaintiff's declaratory judgment claim. Accordingly, it is ORDERED as follows:

- Defendants' National Board of Chiropractic Examiners, Salvatore D. Larusso, Steven R. Conway, John C. Nab, Paul N. Morin, Leroy F. Otto, John R. McGinnis, Farrel Grossman, and Kirk Shilts' Motion for Summary Judgment (Doc. # 39) is GRANTED as to standing;

- Defendant Daniel M. Côté's Motion for Summary Judgment (Doc. # 41) is GRANTED as to standing;

- Plaintiff's declaratory judgment claim is dismissed; and

- The Clerk of Court is directed to enter judgment in favor of all Defendants and against Plaintiff.

DATED: January 22, 2020

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

---

[9] For the same reasons that Plaintiff lacks standing, Plaintiff's claims would also fail on the merits. Plaintiff admits that the Individual Defendants did not owe her a fiduciary duty. She thus fails to prove the first element of breach of fiduciary duty—i.e., that Defendants owed Plaintiff a fiduciary duty. *SGS Acquisition Co. Ltd. v. Linsley*, 352 F. Supp. 3d 1109, 1119 (D. Colo. 2018). Relatedly, because her breach of fiduciary duty claims against the Individual Defendants would fail, her aiding and abetting breach of fiduciary duty claim against Defendant NBCE would necessarily fail as well. *See Benton*, No. 10-CV-01899-RBJ-KLM, 2012 WL 5869126, at *11.